IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REV. RYAN "SASHA" GALLAGHER, ) | |
| JORDAN JONES, ) | |
|     Plaintiffs, ) | |
| vs. ) | No. 3:18-CV-2879-C-BH |
| ) | |
| MIKE POMPEO, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The two plaintiffs initially filed this action against the defendants on October 29, 2018, and one moved for leave to proceed *in forma pauperis*. (*See* docs. 3, 4.) That plaintiff was granted leave to proceed *in forma pauperis* on November 1, 2018. (*See* doc. 5.) By *Notice of Deficiency and Order* dated November 1, 2018, the other plaintiff was advised that if he wished to pursue his claims *in forma pauperis*, he must also file a separate properly signed and fully completed application to proceed *in forma pauperis*, or pay the $400 filing fee,[1] within fourteen days. (*See* doc. 8.) A copy of the form application to proceed *in forma pauperis* was attached to the order. (*See* id.)

Also on November 1, 2019, the Court sent each plaintiff a questionnaire to obtain more information about his claims. (*See* docs. 6, 7.) The questionnaires specifically advised the plaintiffs

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

that their answers to the questionnaire were due within fourteen days, and that a failure to file their answers could result in the dismissal of this case. (*See id.*) Well more than fourteen days from the date of the questionnaire have passed, but plaintiff Jordan Jones has not filed an application to proceed *in forma pauperis* or paid the $400 filing fee, and neither plaintiff has filed his questionnaire answers or else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Despite a warning that failure to do so could result in dismissal of the case, the plaintiffs failed to comply with the November 1, 2018 orders that they provide answers to their respective questionnaires, and that plaintiff Jordan Jones either file an application to proceed *in forma pauperis* or pay the $400 filing fee. They have not filed anything else in the case. Because the plaintiffs failed to follow a court order or otherwise show that they intend to proceed with this case, it should be dismissed.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiffs file their answers to their questionnaires, and plaintiff Jordan Jones either files an application to proceed *in forma pauperis* or pays the $400 filing fee, within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 13th day of May, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE